1  BENJAMIN B. WAGNER
   United States Attorney
2  JASON HITT
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone:  (916) 554-2751

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )   Mag. No. 11-mj-0312 KJN
                                    )
12                Plaintiff,        )   STIPULATION AND [PROPOSED]
                                    )   ORDER CONTINUING PRELIMINARY
13           v.                     )   HEARING AND EXCLUDING
                                    )   TIME
14 NATHAN V. HOFFMAN, and           )
   HUNG NGUYEN,                     )
15                                  )
                  Defendants.       )
16 _____ )

17

18     IT IS HEREBY STIPULATED by and between Assistant United States

19 Attorney Jason Hitt, counsel for the plaintiff United States of

20 America, and defendant Nathan V. HOFFMAN, by and through his counsel

21 Robert Helfend, Esq., and Hung NGUYEN, by and through his counsel

22 James R. Greiner, Esq., that good cause exists to extend the

23 preliminary hearing currently set for October 28, 2011, at 2:00 p.m.

24 to January 6, 2012, pursuant to Federal Rule of Criminal Procedure

25 5.1(d).

26     Good cause exists to extend the time for the preliminary

27 hearing within meaning of Rule 5.1(d) because extensive discovery

28 will be provided to the defense and counsel for each defendant will

                                    1

1  need time to review the voluminous materials and determine whether a

2  pre-indictment resolution of the case against each defendant is

3  possible.  The discovery in this case and the facts of the alleged

4  conspiracy are "complex" within the meaning of 18 U.S.C.

5  § 3161(h)(7)(B)(ii) (Local Code T2).  In particular, the discovery

6  produced to date consists of more than 2,000 bates-numbered items

7  which includes reports, video, and audio materials.  The United

8  States represents that there is a significant amount of additional

9  discoverable material from four search warrants served at locations

10  alleged to be associated with HOFFMAN and NGUYEN that will need to

11  be examined by defense counsel.  Indeed, the underlying Criminal

12  Complaint in this case is more than 50 pages and incorporates an

13  even longer affidavit from a previously-executed search warrant

14  related to HOFFMAN.  In addition, this case is directly related to

15  pending cases charging more ten defendants in the Eastern District

16  of California: United States v. Ebyam, Case No. 2:11-cr-00275 JAM,

17  and United States v. Ebyam, et al., Case No. 2:11-cr-00276 JAM.

18  These pending cases add to the unusual nature of the case and

19  increase the complexity of defending each of these defendants.

20      As a result, each of the defendants agree that a continuance of

21  the preliminary hearing date will not prejudice either of them

22  because a pre-indictment resolution could result in an overall

23  sentencing exposure that is significantly reduced for each defendant

24  or, at a minimum, provide each defendant's counsel to understand the

25  nature and scope of the evidence in this case in order to prepare an

26  effective defense.  Each defendant is out of custody.

27  / / /

28  / / /

1       Counsel further stipulate that an exclusion of time from

2  October 28, 2011, to January 6, 2012, is appropriate under the

3  Speedy Trial Act because the United States will soon be providing

4  voluminous pre-indictment discovery and each defense counsel will

5  need substantial time to obtain and review that discovery.  In

6  addition, each defendant's counsel concurs that this matter is

7  "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) (Local

8  Code T2) because of the voluminous discovery, the complexity and

9  unusual nature of the underlying conspiracy theory, and the many

10  pending indicted defendants in two related cases.  As a result,

11  counsel for both parties stipulate that the ends of justice are

12  served by the Court excluding such time and outweigh each

13  defendant's interest in a speedy trial, as well as the public's

14  interest in a speedy trial, so that counsel for each defendant may

15  have reasonable time necessary for effective preparation, taking

16  into account the exercise of due diligence under 18 U.S.C.

17  § 3161(h)(7)(B)(iv).  Therefore, time should be excluded from

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1  computation under the Speedy Trial under 18 U.S.C. § 3161(h)(7)(A)

2  (Local Code T4).   The parties further stipulate that time should be

3  excluded based upon the complexity of this case under 18 U.S.C.

4  § 3161(h)(7)(B)(ii) (Local Code T2).

5

6  DATED: October 24, 2011          /s/Jason Hitt
                                     JASON HITT
7                                    Assistant U.S. Attorney

8

9  DATED: October 24, 2011          /s/Jason Hitt
                                     ROBERT HELFEND, ESQ.
10                                   Counsel for defendant
                                     NATHAN V. HOFFMAN
11                                   Authorized to sign for
                                     Mr. Helfend on 10-23-11
12

13 DATED: October 24, 2011          /s/Jason Hitt
                                     JAMES R. GREINER, ESQ.
14                                   Counsel for defendant
                                     HUNG C. NGUYEN
15                                   Authorized to sign for
                                     Mr. Greiner on 10-23-11
16

17

18

19

20

21

22

23

24

25

26

27

28

1                          **O   R   D   E   R**

2       Based upon the representations by counsel and the stipulation

3  of the parties, **IT IS HEREBY ORDERED** that:

4       1.   The Court finds good cause to extend the Preliminary

5  Hearing currently set for October 28, 2011, to January 6, 2012, at

6  2:00 p.m. pursuant to Federal Rule of Criminal Procedure 5.1(d);

7       2.   Based upon the above representations and stipulation of

8  the parties, the Court further finds that the ends of justice

9  outweigh the best interest of the public and each defendant in a

10  speedy trial.  Accordingly, time under the Speedy Trial Act shall be

11  excluded through January 6, 2012, pursuant to 18 U.S.C.

12  § 3161(h)(7)(A) (Local Code T4).  The Court further finds that this

13  case complex and unusual because of the voluminous discovery

14  supporting the charges, the unique form of drug conspiracy in the

15  case, and the large number of pending indicted defendants in two

16  related cases captioned: United States v. Ebyam, Case No. 2:11-cr-

17  00275 JAM, and United States v. Ebyam, et al., Case No. 2:11-cr-

18  00276 JAM.  Accordingly, time under the Speedy Trial Act shall be

19  excluded through January 6, 2012, pursuant to 18 U.S.C.

20  § 3161(h)(7)(B)(ii) (Local Code T2).

21       **IT IS SO ORDERED.**

22

23  DATED:_October 27, 2011

24                      _/s/ Gregory G. Hollows_
                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28